UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA STEAMIN' and;<br>DAVID A. DEAN,<br><br>                                    Plaintiffs,<br>v.<br>CITY OF TEMECULA; et al.,<br><br>                                  Defendants. | Case No.: 3:01-cv-00440-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motion to Re-Open and Reconsider filed by Plaintiff David A. Dean (ECF No. 59), the Motion to Consolidate Cases filed by Plaintiff David A. Dean (ECF No. 77), and the Motion to Consolidate and Stay filed by Plaintiff David A. Dean (ECF No. 81).

## BACKGROUND

    On March 13, 2001, Plaintiffs California Steamin' and David A. Dean, proceeding pro se, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 against Defendants City of Temecula, Riverside County Sheriff's Department, Richard Riles, Jon Cook, Deputy Rico, Buie Communities, Charley Wickfield, Mike Ash, Woodside Homes, Bryan Stancil, Troy Woods, Corky McMillin, Lance Doe, Eddie Andrade, Continental

Homes, Karen Ness, Mike Parks, and Ted Sawyer. (ECF No. 1). Plaintiff David A. Dean alleges that Defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights. *Id*. at 5. Plaintiff David A. Dean alleges that Defendants' actions led to his unlawful arrest and "led to the closure of Plaintiff's company California Steamin'". *Id*.

On September 24, 2001, the Court dismissed the case without prejudice for failure to serve as to Defendants City of Temecula, Riverside County Sheriff's Department, Richard Riles, Jon Cook, Deputy Rico, Buie Communities, Charley Wickfield, Mike Ash, Woodside Homes, Bryan Stancil, Troy Woods, Corky McMillin, Lance Doe, and Eddie Andrade. (ECF No. 11).

On May 17, 2002, Defendants Continental Homes, Karen Ness, Mike Parks, and Ted Sawyer filed a Motion to Dismiss, or alternatively, for Summary Judgment. (ECF No. 15). The record reflects that Plaintiffs did not file a Response in Opposition and Defendants did not file a Reply. On July 1, 2002, the Court granted Defendants Continental Homes, Karen Ness, Mike Parks, and Ted Sawyer's Motion for Summary Judgment. (ECF No. 24). The Court concluded that the Defendants were private parties and did not "conspire[] with government agents to deprive Plaintiff Dean of his constitutional rights." *Id*. at 3. On July 2, 2002, the Clerk of the Court entered judgment. (ECF No. 25).

On June 21, 2019, this case was reassigned to this Court. (ECF No. 33).

On July 3, 2019, Plaintiff David A. Dean filed a declaration. (ECF No. 35). On July 8, 2019 Plaintiff David A. Dean filed a declaration. (ECF No. 37). On August 2, 2019, Plaintiff David A. Dean filed five letters (ECF Nos. 41, 43, 45, 47, 49); a Motion to Reopen (ECF No. 51); and a Motion to Withdraw Motion to Re-Open (ECF No. 53).

On August 13, 2019, this Court issued a minute entry granting Plaintiff David A. Dean's Motion to Withdraw Motion to Reopen (ECF No. 53) and denying as moot Plaintiff David A. Dean's Motion to Reopen (ECF No. 51). (ECF No. 54).

On August 26, 2019, Plaintiff David A. Dean filed a declaration. (ECF No. 57). On November 7, 2019, Plaintiff David A. Dean filed a notice of lodgment (ECF No. 59), which includes a Motion to Re-Open and a Motion to Reconsider. On the same day, Plaintiff

David A. Dean filed a letter (ECF No. 61). On November 21, 2019, Plaintiff David A. Dean filed a letter. (ECF No. 63). On December 13, 2019, Plaintiff David A. Dean filed an amendment. (ECF No. 65). On December 23, 2019, Plaintiff David A. Dean filed a notice of lodgment (ECF No. 67) and a declaration (ECF No. 69). On December 30, 2019, Plaintiff David A. Dean filed a notice of lodgment (ECF No. 71); a Motion to Consolidate Cases (ECF No. 77); two letters (ECF No. 78, 79); a declaration (ECF No. 80); and a Motion to Consolidate and Stay (ECF No. 81). On January 2, 2020, Plaintiff David A. Dean filed a notice of lodgment (ECF No. 83). On January 6, 2020, Plaintiff David A. Dean filed four declarations (ECF No. 85, 91, 93, 95); a series of documents (ECF No. 87); and notice (ECF No. 89). Plaintiff David A. Dean has failed to file proof of service.

## RULING OF THE COURT

Federal Rule of Civil Procedure 60(b) provides that,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). "A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Plaintiff David A. Dean has not set forth sufficient evidence to support relief from judgment. Plaintiff's Rule 60(b) motion is not timely as to reasons (1), (2), and (3) because judgment was entered on July 2, 2002. Plaintiff further has not set forth sufficient any evidence in support of reasons (4), (5), or (6). The Court has reviewed the Motions to Consolidate Cases (ECF Nos. 77, 81)

| | |
|---|---|
| 1 | and finds no cause to consolidate this action with Plaintiff David A. Dean's state court |
| 2 | cases. |

      IT IS HEREBY ORDERED that the Motion to Re-Open and Reconsider filed by Plaintiff David A. Dean (ECF No. 59) is DENIED.

      IT IS FURTHER ORDERED that the Motion to Consolidate Cases filed by Plaintiff David A. Dean (ECF No. 77) is DENIED.

      IT IS FURTHER ORDERED that the Motion to Consolidate and Stay filed by Plaintiff David A. Dean (ECF No. 81) is DENIED.

Dated: January 9, 2020

*[signature]*
Hon. William Q. Hayes
United States District Court